# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| JASMINE JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 25-cv-2418-TC-TJJ |
| | ) | |
| GRAGG ADVERTISING, | ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM AND ORDER

This matter is before the Court on *pro se* Plaintiff's Motion to Reconsider Denial of Court-Appointed Counsel (ECF No. 11). Plaintiff asks the undersigned Magistrate Judge to reconsider the ruling denying Plaintiff's Motion for Appointment of Counsel. For the reasons set forth below, the Court denies the motion.

Although the Federal Rules of Civil Procedure do not address a motion for reconsideration, a motion for reconsideration may be brought under D. Kan. Rule 7.3(b), which sets forth three bases on which a party may seek reconsideration of a non-dispositive order. "A motion to reconsider must be based on: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice."[1] Reconsideration is

> only appropriate where the Court has obviously misapprehended a party's position, the facts or applicable law, or where the party produces new evidence that it could not have obtained earlier through the exercise of due diligence. A motion to reconsider is not a second opportunity for the losing party to make its strongest case, to rehash arguments or to dress up arguments that previously failed. A party's failure to present its strongest case in the first instance does not entitle it to a second chance in the form of a motion to reconsider.[2]

---

[1] D. Kan. Rule 7.3(b).
[2] *Tomelleri v. MEDL Mobile, Inc.*, No. 14-2113-JAR, 2015 WL 5098248, at *1 (D. Kan. Aug. 31, 2015).

Further, the Court is mindful of considerations for unrepresented parties. While a *pro se* litigant's pleadings are to be construed liberally and held to a less stringent standard, they must still follow all Federal Rules of Civil Procedure and District of Kansas Local Rules.[3]

In her motion, Plaintiff does not cite or argue any of the enumerated grounds set forth in D. Kan. Rule 7.3(b) for granting reconsideration of a non-dispositive order. Plaintiff's Motion for Reconsideration includes additional information regarding her financial hardship, inability to afford counsel, psychological and emotional distress, and right to fundamental fairness.

As noted above, asking the Court to reconsider its order based on information previously available, or new arguments or supporting facts that could have been presented originally is not a valid basis for reconsideration. The Court therefore finds Plaintiff is not entitled to reconsideration as requested here. Moreover, even if the Court were to consider Plaintiff's new information and arguments, it does not change the Court's findings with respect to Plaintiff's ability to adequately represent herself at these early stages in the proceedings. The Court reminds Plaintiff that the Motion for Appointment of Counsel was denied without prejudice, allowing "the refiling of the motion at a later stage of the proceedings, if warranted," such as after Defendant's pending Motion to Dismiss has been resolved.[4]

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Reconsider Denial of Court-Appointed Counsel is DENIED.

**IT IS SO ORDERED.**

Dated September 29, 2025 at Kansas City, Kansas.

_____
Teresa J. James
U. S. Magistrate Judge

---

[3] *Beams v. Norton*, 335 F. Supp. 2d 1135, 1139 (D. Kan. 2004), *aff'd*, 141 F. App's 769 (10th Cir. 2005).

[4] ECF No. 6, p. 3.